1 | PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
2 | SCOTT CARON, State Bar No. 227871
scaron@lbaclaw.com
3 | LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
4 | Glendale, California 91210-1219
Telephone No. (818) 545-1925
5 | Facsimile No. (818) 545-1937

6 | Attorneys for Defendants
County of Los Angeles, Los Angeles County Sheriff's Department,
7 | Sheriff Lee Baca, Assistant Sheriff William Stonich, Larry W. Waldie,
Assistant Sheriff Doyle R. Campbell, Assistant Paul K. Tanaka, and
8 | Division Chief Marc L. Klugman

9

10 | **UNITED STATES DISTRICT COURT**

11 | **CENTRAL DISTRICT OF CALIFORNIA**

12

13 | JULIO ALVARADO, individually, and as          ) Case No. CV 06-7812 PA (RCx)
class representative,                          )
14 |                                            ) Honorable Percy Anderson
                     Plaintiff,                )
15 |                                            )
                                               ) **ANSWER TO FIRST**
16 |        vs.                                 ) **AMENDED COMPLAINT;**
                                               ) **DEMAND FOR JURY TRIAL**
   | WILLIAM BRATTON, et al..                   )
17 |                                            )
                     Defendants.               )
18 |                                            )
                                               )
19 | _____  )

20

21 |        COME NOW Defendants COUNTY OF LOS ANGELES, LOS

22 | ANGELES COUNTY SHERIFF'S DEPARTMENT, SHERIFF LEE BACA,

23 | ASSISTANT SHERIFF WILLIAM STONICH, LARRY W. WALDIE,

24 | ASSISTANT SHERIFF DOYLE R. CAMPBELL, ASSISTANT PAUL K.

25 | TANAKA, and DIVISION CHIEF MARC L. KLUGMAN, all in their individual

26 | and official capacities, answering the First Amended Complaint on file herein, for

27 | themselves and for no other Defendants, admit, deny, and allege as follows:

28 | //

Alvarado\Answer to FAC

1        1.       Answering Paragraphs 1, 6, 7, and 13 through 17, inclusive, of the

2  First Amended Complaint for Damages, these Defendants do not have sufficient

3  information or belief to enable them to answer said paragraphs and on that

4  ground, denies each and every allegation contained therein.

5        2.       Answering Paragraph 4 and 5 of the First Amended Complaint for

6  Damages, Defendants admit that jurisdiction and venue lie in this District Court

7  but denies that the acts and/or omissions complained of in fact occurred as alleged

8  in the First Amended Complaint for Damages.

9        3.       Answering Paragraphs 8 through 12 of the First Amended Complaint

10  for Damages, these Defendants admit that the County was and is a public entity

11  organized and existing under the laws of California, and that Defendants Baca,

12  Waldie, Stonich, Campbell, Tanaka, Jackson and Klugman are or were employees

13  of the Los Angeles County Sheriff's Department.  As to the remainder of the

14  allegations set forth in Paragraphs 8 through 12 of the First Amended Complaint,

15  this Defendants do not have sufficient information or belief to enable them to

16  answer said paragraphs, and on that ground, deny the remainder of the allegations

17  contained therein.

18        4.       Answering Paragraphs 2, 3 and 18 through 59, inclusive, of the First

19  Amended Complaint for Damages, these Defendants deny generally and

20  specifically each and every allegation set forth therein and further denies that

21  Plaintiff is entitled to an award of damages, or any other relief as a result of any

22  act or omission by these Defendants.

23  //

24  //

25  //

26  //

27  //

28  //

Alvarado\Answer to FAC

1

## FIRST AFFIRMATIVE DEFENSE

2      5.    Plaintiff's Complaint fails to state a cause of action against

3 Defendants.

4

## SECOND AFFIRMATIVE DEFENSE

5      6.    Plaintiff's Complaint fails to state a cause of action against these

6 public entity defendants for, pursuant to *Monell v. Department of Social Services*

7 *of the City of New York*, 436 U.S. 658, 98 S.Ct. 2018 (1978), there can be no

8 recovery for a federal civil rights violation where there is no constitutional

9 deprivation occurring pursuant to governmental policy or custom.

10

## THIRD AFFIRMATIVE DEFENSE

11      7.    The County Sheriff and his subordinates act on behalf of the state,

12 not the County, when engaged in law enforcement activities.  Consequently, any

13 policies, practices or customs alleged in the Complaint are not those of the

14 County.

15

## FOURTH AFFIRMATIVE DEFENSE

16      8.    Defendants are immune from liability under the Eleventh

17 Amendment to the Constitution of the United States.

18

## FIFTH AFFIRMATIVE DEFENSE

19      9.    Plaintiff's Complaint does not state facts sufficient to constitute a

20 cause of action against these Defendants or any defendant under 42 U.S.C. § 1983

21 because simple negligence pursuant to the United States Supreme Court decision

22 of *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908 (1981), is not a federal civil

23 rights violation.

24

## SIXTH AFFIRMATIVE DEFENSE

25      10.    Neither a public entity nor a public employee is liable for his act or

26 omission, exercising due care, in the execution or enforcement of any law.

27 //

28 //

3

Alvarado\Answer to FAC

1

### SEVENTH AFFIRMATIVE DEFENSE

2    11.    Neither a public employee nor a public entity is liable for any

3    injury caused by the act or omission of another person.

4

### EIGHTH AFFIRMATIVE DEFENSE

5    12.    Neither a public entity nor a public employee is liable for any

6    injury caused by the institution or prosecution of any judicial proceedings within

7    the scope of the public employee's employment.

8

### NINTH AFFIRMATIVE DEFENSE

9    13.    Neither a public entity nor a public employee is liable for any

10   injury resulting from his act or omission where the act or omission was the result

11   of the exercise of the discretion vested in him.

12

### TENTH AFFIRMATIVE DEFENSE

13   14.    Neither a public entity nor a public employee acting in good faith,

14   without malice, and under the apparent authority of an enactment that is

15   unconstitutional, invalid or inapplicable, is liable for any injury caused thereby,

16   except to the extent that he would have been liable had the enactment been

17   constitutional, valid and applicable.

18

### ELEVENTH AFFIRMATIVE DEFENSE

19   15.    Any injury to Plaintiff was due to and caused by the negligence and

20   omissions of Plaintiff to care for himself, which carelessness and negligence and

21   omissions were the proximate cause of the damage, if any, to Plaintiff.

22

### TWELFTH AFFIRMATIVE DEFENSE

23   16.    The damages, if any, should be in direct proportion to the fault of

24   these Defendants, if any, as provided by Civil Code §§ 1431 to 1431.5.

25

### THIRTEENTH AFFIRMATIVE DEFENSE

26   17.    To the extent that Plaintiff suffered any detriment, such detriment

27   was caused or contributed to by Plaintiff's negligence and damage, if any,

28   should be reduced in direct proportion to his fault.

Alvarado\Answer to FAC

## FOURTEENTH AFFIRMATIVE DEFENSE

18.    The injuries and damages alleged by Plaintiff, if any, were proximately caused by the negligence, conduct and liability of other persons or entities, and these answering Defendants request that an allocation of such negligence, conduct and liability be made among such other persons or entities, and that, if any liability is found on the part of these Defendants, judgment against these Defendants be only in an amount which is proportionate to the extent and percentage by which these answering Defendants' acts or omissions contributed to Plaintiff's injuries or damages, if at all.

## FIFTEENTH AFFIRMATIVE DEFENSE

19.    The negligence of a third-party or parties was a superseding, intervening cause of Plaintiff's injuries.

## SIXTEENTH AFFIRMATIVE DEFENSE

20.    Plaintiff failed to mitigate his damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

21.    Each of Plaintiff's state law claims is barred by the absolute privilege of Government Code § 820.2.

## EIGHTEENTH AFFIRMATIVE DEFENSE

22.    The Complaint and individual theories of relief set forth therein are barred by Plaintiff's failure to have complied with the California public entity and public employee claims filing provisions.

## NINTEENTH AFFIRMATIVE DEFENSE

23.    Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

24.    Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

//

Alvarado\Answer to FAC

1

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

2       25.    Plaintiff's claims and requests for relief are barred, in whole or in

3 part, by the doctrine of estoppel.

4

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

5       26.    Plaintiff's claims and requests for relief are barred, in whole or in

6 part, by the doctrine of judicial estoppel.

7

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

8       27.    Plaintiff's non-economic damages are limited under Proposition 51.

9

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

10      28.    Probable cause existed for the arrest and detention of Plaintiff.

11

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

12      29.    The actions of these Defendants and their employees in all respects

13 were reasonable, proper, and legal.

14

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

15      30.    There is no liability against any peace officer who makes an arrest

16 pursuant to a warrant of arrest regular upon its face where such peace officer

17 acted without malice and in the reasonable belief that the person arrested is the

18 one referred to in the warrant.

19

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

20      31.    All answering Defendants are immune pursuant to California Civil

21 Code § 43.55.

22

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

23      32.    All answering Defendants are immune pursuant to California Penal

24 Code § 847.

25

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

26      33.    All answering Defendants are immune pursuant to California Code

27 of Civil Procedure § 262.1.

28 //

Alvarado\Answer to FAC

## THIRTIETH AFFIRMATIVE DEFENSE

34.    All answering Defendants are immune pursuant to the doctrine of quasi-judicial immunity, under California and federal law, and pursuant to *Clemmons v. City of Long Beach*, 283 Fed. Appx. 487 (9th Cir. 2008).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

35.    All answering Defendants are immune under California Government Code § 821.6.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

36.    The answering Defendants can incur no liability and are immune from suit under California Government Code § 69922.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

37.    The answering Defendants can incur no liability and are immune from suit under California Penal Code § 4015.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

38.    The individual Defendants are immune from suit as to Plaintiff's claims under 42 U.S.C. § 1983 pursuant to the doctrine of qualified immunity.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

39.    These answering Defendants did not violate Plaintiff's Fourth Amendment rights.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

40.    These answering Defendants did not violate Plaintiff's Fourteenth Amendment rights.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

41.    These answering Defendants did not commit any act with respect to Plaintiff by means of threats, intimidation or coercion.

//

//

//

Alvarado\Answer to FAC

1    WHEREFORE, Defendants COUNTY OF LOS ANGELES, LOS

2   ANGELES COUNTY. SHERIFF'S DEPARTMENT, SHERIFF LEE BACA,

3   ASSISTANT SHERIFF WILLIAM STONICH, LARRY W. WALDIE,

4   ASSISTANT SHERIFF DOYLE R. CAMPBELL, ASSISTANT PAUL K.

5   TANAKA and DIVISION CHIEF MARC L. KLUGMAN, all in their individual

6   and official capacities, pray that Plaintiff take nothing by the way of his

7   Complaint and that these Defendants herein recover their costs and such other and

8   further relief as the Court may deem just and proper.

9

10   Dated:  April 6, 2009               LAWRENCE BEACH ALLEN & CHOI, PC

11

12                                      By
13                                            Scott E. Caron
                                        Attorneys for Defendants
14                                      COUNTY OF LOS ANGELES, LOS ANGELES
15                                      COUNTY SHERIFF'S DEPARTMENT,
                                        SHERIFF LEE BACA, ASSISTANT SHERIFF
16                                      WILLIAM STONICH, LARRY W. WALDIE,
17                                      ASSISTANT SHERIFF DOYLE R.
                                        CAMPBELL, ASSISTANT PAUL K. TANAKA,
18                                      and DIVISION CHIEF MARC L. KLUGMAN

19

20

21

22

23

24

25

26

27

28

Alvarado\Answer to FAC

1

## DEMAND FOR JURY TRIAL

2  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

3          PLEASE TAKE NOTICE that Defendants COUNTY OF LOS ANGELES,

4  LOS ANGELES COUNTY. SHERIFF'S DEPARTMENT, SHERIFF LEE

5  BACA, ASSISTANT SHERIFF WILLIAM STONICH, LARRY W. WALDIE,

6  ASSISTANT SHERIFF DOYLE R. CAMPBELL, ASSISTANT PAUL K.

7  TANAKA and DIVISION CHIEF MARC L. KLUGMAN, all in their individual

8  and official capacities, demand a trial by jury pursuant to Federal Rules of Civil

9  Procedure, Rule 38(b) and Local Rule 38-1.

10

11

12  Dated:  April 6, 2009          LAWRENCE BEACH ALLEN & CHOI, PC

13

14                      By

15                         Scott E. Caron

16                      Attorneys for Defendants
                         COUNTY OF LOS ANGELES, LOS ANGELES
                         COUNTY SHERIFF'S DEPARTMENT,

17                      SHERIFF LEE BACA, ASSISTANT SHERIFF
                         WILLIAM STONICH, LARRY W. WALDIE,

18                      ASSISTANT SHERIFF DOYLE R.

19                      CAMPBELL, ASSISTANT PAUL K. TANAKA,

20                      and DIVISION CHIEF MARC L. KLUGMAN

21

22

23

24

25

26

27

28

9

Alvarado\Answer to FAC

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I, Brooke Moyer, am employed in the aforesaid County, State of California; I am over the age of 18 years and not a party to the within action; my business address is 100 W. Broadway, Suite 1200, Glendale, CA 91210.

On April 6, 2009, I served the foregoing **ANSWER TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows:

| | |
|---|---|
| Donald W. Cook<br>Mann & Cook<br>3435 Wilshire Blvd., Suite 2900<br>Los Angeles, CA 90010 | Attorneys for Plaintiff |
| Surekha A. Pessis<br>Deputy City Attorney<br>600 City Hall East<br>200 North Main Street<br>Los Angeles, California 90012-4129 | Attorneys for Defendants<br>City of Los Angeles, et al. |

BY U.S. MAIL As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on April 6, 2009, at Glendale, California.

_____
Declarant

Alvarado\Answer to FAC

10