**ROBERT MANN**, CSB 48293
**DONALD W. COOK**, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA 90010
(213) 252-9444; (213) 252-0091 facsimile
manncook@earthlink.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ALVARADO, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> WILLIAM BRATTON, et al., <br><br> Defendants. | Case No. CV06-7812 PA (RCx) <br><br> **PLAINTIFF'S LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM RE MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR PRODUCTION AND TO IMPOSE SANCTION** <br><br> Date: 5/27/09 <br> Time: 9:30 a.m. <br> Crtm: 23 (Spring St.) <br><br> (DISCOVERY MATTER) |

**I.   DEFENDANTS HAVE NOT AND CANNOT CARRY THEIR BURDEN TO SHOW THAT COMPLYING WITH THE DISCOVERY REQUESTS IS UNDULY BURDENSOME.**

Defendants argue it is too "burdensome" to produce the AJIS data and disputed warrant log books. See L.R. 37-2 Stipulation, 17:3-18-12. The argument fails.

First, it is defendants' burden to justify their claim it is too burdensome to comply with the production requests. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.

1975) (parties opposing discovery are required to carry a heavy burden of showing why discovery should be denied.) Defendants cannot carry their burden. Defendants offer *no* evidence to rebut the evidentiary showing plaintiff made establishing the ease with which defendants can produce the requested items. Defendants offer no declaration from anyone to attest or support the claim of defendants' counsel of the so-called burden. Defendants have thus utterly failed to carry their burden.

Second, even had defendants made a showing it would fail. As the district court held in *Kozlowski v. Sears, Roebuck & Co.*, 73 F.R.D. 73 (D. Mass. 1976), "The defendant may not excuse itself from compliance with Rule 34, Fed.R.Civ.P. by utilizing a system of record-keeping which conceals rather than discloses relevant records, or makes it unduly difficult to identify or locate them, thus rendering the production of documents an excessively burdensome and costly expedition." *Id*. at 76. *Accord, United States v. ACB Sales & Service, Inc.*, 95 F.R.D. 316, 318 (9th Cir. 1982).

## II. THE AJIS DATA AND LOG BOOKS ARE RELEVANT TO OPPOSE DEFENDANTS' SUMMARY JUDGMENT MOTION.

Set for hearing on June 1, 2009, is defendants' summary judgment motion. In support of that motion defendants offered the declaration of its designated agent, Sgt. Angela Becerra (see declarations defendants filed 4/20/09, document 76). Sgt. Becerra asserts that Mr. Becerra never complained he was the wrong person being held on warrants because there is no record that Sheriff's personnel conducted an investigation into such a complaint:

> 21. When an inmate lodges a disputed warrant complaint (that is, a claim that the inmate is not the subject of warrant on which he/she has been arrested), Sheriff's personnel are required to complete the Disputed Warrant Verification Form, who calls for the investigating personnel to review the

information contained on the warrant pursuant to which the complaining inmate was arrested and compare it with the inmate's own identifying information. . . .

22. Whenever a Disputed Warrant Verification Form is completed, it is included in the inmate's booking jacket, regardless of the outcome of the investigation. Had Mr. Alvarado complained to LASD personnel that he did not believe he was the subject of any of the warrant on which he had been arrested, the Disputed Warrant Verification Form would have been completed and included in Mr. Alvarado's booking jacket.

*   *   *   *

20. Mr. Alvarado's booking jacket does not contain any record that Mr. Alvarado ever informed LASD personnel that believed he [sic] was not the subject of any the warrants [sic] on which he had been arrested by LAPD.

Becerra decl., ¶¶20-22 (document 76).

It is plaintiff's contention that the Sheriff's Disputed Warrant procedure is, in fact, a sham, in that Sheriff's personnel rarely investigate complaints that a prisoner is being held on a warrant meant for another. The evidence plaintiff seeks is directly responsive and probative of a claim defendants have raised before Judge Anderson in seeking summary judgment. It is thus the antithesis of fairness to deny plaintiff the evidence he seeks in his motion, evidence that is directly probative on an issue defendants raise.

## III. PLAINTIFF IS ENTITLED TO THE FIVE YEARS WORTH OF AJIS DATA AND LOG BOOKS, BOTH BEFORE AND AFTER HIS ARREST.

In arguing plaintiff should not be allowed to obtain the AJIS data and the disputed warrant log books for five years, defendants make two points. First, if plaintiff limited the

requests to 2005, defendants would provide it and agree that *if* the data and log books shows a custom or practice, defendants would agree it was the custom and practice as of November 2005. (Caron decl., ¶6 [L.R. 37-2 Stipulation, 34:18-23.) That is, defendants were *not* agreeing that the one years' worth of discovery established a custom and practice; rather, defendants were only agreeing that assuming a practice was established it existed as of November 2005.[1] Second, defendants argue that plaintiff is not entitled to evidence of other incidents that post-date his incident. L.R. 37-2 Stipulation pp. 11-12.

Both arguments fail. While defendants are certainly not obligated to stipulate that the 2005 AJIS data and log books will reflect the Sheriff's practice and custom and can hold plaintiff to his proof, given that plaintiff is entitled to evidence that will establish the practice and custom. The longer the time period, the more likely the trier of fact will conclude that the evidence does, in fact, reflect a well-settled custom or practice.

Plaintiff is also entitled to evidence of other incidents that post-date his incident. In other words, plaintiff is entitled to the 2006, 2007 and 2008 data and log books. In *Henry v. County of Shasta*, 132 F.3d 512 (9th Cir. 1997), the Ninth Circuit confronted this issue. There, the plaintiff sought to use two incidents (Mays and Burns incidents) that occurred after plaintiff's but which involved similar conduct (wrongly holding a prisoner in a "rubber room" for refusing to sign a notice to appear). The Ninth Circuit held that such evidence is relevant and "reiterate[d] our rule that post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry." 132 F.3d at 519.

Even though *Henry* was cited in plaintiff's portion of the LR. 37-2 Stipulation

---

[1] Defense counsel's assertion that plaintiff reneged on an agreement is false. Plaintiff's counsel's 3/18/09 letter (Exhibit K to L.R. 37-2 Stipulation), states only that defendant made the offer, not that plaintiff had agreed to it.

(page 9, line 2), defendants have never acknowledged the case, let alone explain why this Court should disregard controlling Ninth Circuit precedent.

## IV. CONCLUSION.

For the foregoing reasons, plaintiff's motion should be granted, and plaintiff awarded attorneys' fees incurred in the bringing of the motion.

DATED: May 13, 2009

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By_____
Donald W. Cook