**ROBERT MANN**, CSB 48293
**DONALD W. COOK**, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA  90010
(213) 252-9444; (213) 252-0091 facsimile
manncook@earthlink.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ALVARADO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM BRATTON, et al.,<br><br>Defendants. | Case No. CV06-7812 PA (RCx)<br><br>**PLAINTIFF'S OPPOSITION TO MOTION OF RECONSIDERATION OF 5/21/09 DISCOVERY ORDER**<br><br>Date: 6/29/09<br>Time: 1:30 p.m.<br>Crtm: 15 (Spring St.) |

-1-                                                                                                        00045562.WPD

## I. SUMMARY.

Defendants argue Magistrate Judge Chapman abused her discretion because (1) she ordered production of AJIS data (sought under request no. 25) through the whole year 2006 even though the request sought AJIS data through September 30, 2006, and (2) she awarded attorney fees incurred in the bringing of the motion even though, defendants' assert, Magistrate Judge Chapman supposedly agreed with points defendants made. Motion, pp. 4-13. Defendants even suggest Magistrate Judge Chapman awarded sanctions "based on her apparent dislike for defense counsel (whom the Magistrate Judge has labeled 'uncivil' and 'offense')." Motion 6:27-28.

Defendants' arguments fail. Regarding the production of post-9/30/06 AJIS data, defendants *waived* the objection and, moreover, implied that all of 2006 AJIS data would be produced if Magistrate Judge Chapman agreed with plaintiff's contention (which she did). As to the sanctions, defendants asserted arguments contrary to controlling precedent which defendants never acknowledged, let alone distinguished. While it is true that Magistrate Judge Chapman was critical of defense counsel's conduct, there was a substantial basis for that criticism. Moreover, at no point did Magistrate Judge Chapman suggest or imply she was awarding sanctions to impose a financial punishment on defendants, or because of some supposed dislike of defense counsel.

## II. DEFENDANTS WAIVED ANY OBJECTION TO PRODUCTION OF AJIS DATA POST-9/30/06. THEREFORE, MAGISTRATE JUDGE CHAPMAN DID NOT ABUSE HER DISCRETION IN ORDERING PRODUCTION OF AJIS DATA FOR ALL OF 2006.

In the Local Rule 37-2 Stipulation filed 5/1/09 (document 86) ("LR 37-2 Stip."), Plaintiff argued he wanted the AJIS data (sought by request no. 25) and log books (sought by request no. 27) so that he could match the two and from that match, determine the

Sheriff's department's practice in responding to prisoners' complaints they were held on warrants meant for others. LR 37-2 Stip. 9:20-25; 31:22-32:8 (Koerner decl., ¶16(B)). Thus, notwithstanding the wording of request no. 25, plaintiff sought AJIS data to match up with the log books from 2003 through 2008. *See also* Plaintiff's Supplemental Memorandum filed 5/13/09 (document 90), pp. 3-4 (Plaintiff argued for production of five years' worth of AJIS data, up through 2008).

In response, defendants *never* claimed what they now argue to this Court. That is, defendants never argued to Magistrate Judge Chapman that because request no. 25 sought AJIS data up through 9/30/06, plaintiff's demand for all of 2006 AJIS data (along with 2007 and 2008) was unreasonable or overbroad. (Defendants only noted the discrepancy between the two requests and hence, plaintiff's inability to perform his proposed analysis through 2008. LR 37-2 Stip., 12:17-21.[1]) Instead, defendants made a much different argument to Magistrate Judge Chapman. Production of *any* AJIS data that post-dated Mr. Alvarado's incident (November 2005) was irrelevant as a matter of law:

> Finally, the evidence Plaintiff seeks is overbroad as to time. . . . As a matter of law, any alleged custom and practice existing **subsequent** to the subject incident cannot be the cause of Plaintiff's claims against Defendants. *See, Looney v. City of Wilmington*, 723 F.Supp.1025, 1037 (D. Del. 1989).
>
> Plaintiff has offered absolutely no reason why he needs AJIS data and disputed warrant log books going back two years prior to the date of the incident, or AJIS data and disputed warrant log books covering a time period of three years **after** the subject incident.

---

[1] In the Joint Stipulation, defendants stated: "Plaintiff is only seeking AJIS data covering the time span of 2003 through 2006; in other words, even if Plaintiff gets everything he wants, there will be no AJIS data to compare the 2007 and 2008 disputed warrant log books to." LR 37-2 Stip., 12:17-21.

LR 37-2 Stip., 11:15-16, 11:28-12:7 (defendants' argument).

* * * *

Any custom and practice that may have existed in 2006 could not have been the cause of Plaintiff's detention in November 2005, and is therefore not probative of Plaintiff's *Monell* claim.

Plaintiff has not set forth any argument, authority, or logical rationale supporting his request for log books and AJIS data for the year 2006.

Defendants' LR 37-3 Supplemental Memorandum filed 5/13/09 (document 89), 4:17-21.

So defendants are asking this Court to uphold an objection – the wording of request no. 25 does not ask for AJIS data after 9/30/06 – defendants never argued or supported before Magistrate Judge Chapman. Moreover, the basis of their "overbroad" argument to Magistrate Judge Chapman was entirely differently from that which they now argue to this Court.

The law is clear. A party who fails to argue or support an objection or privilege on a motion to compel may be deemed to have waived the objection. *See, e.g., Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) ("When ruling upon a motion to compel, the court generally considers those objections which have been timely asserted and relied upon in response to the motion. It generally deems objections initially raised but not relied upon in response to the motion as abandoned."); *Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 611, 632 (D. Kan. 2005).

Here, defendants limited their defense of the refusal to produce the 2006 AJIS data on the basis that any post-incident data would be irrelevant. So once Magistrate Judge Chapman rejected that claim and found instead that post-incident AJIS data was relevant (see 5/21/09 Order, pp. 5-6 [*quoting Henry v. County of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997)) Magistrate Judge Chapman acted well within her discretion in ordering

production of all of the 2006 AJIS data.

## III. MAGISTRATE JUDGE CHAPMAN DID NOT ABUSE HER DISCRETION IN AWARDING ATTORNEYS' FEES.

Rule 37(a)(4)(A), Federal Rules of Civil Procedure, put the burden on defendants to show that their refusal to produce the AJIS data and log books was "substantially justified." The record shows that Magistrate Judge Chapman did not abuse her discretion in finding that defendants had failed to show substantial justification:

● In arguing Plaintiff's requests sought non-discoverable information, defendants contended "Fishing expeditions sought through discovery requests of the sort employed by Plaintiff in the instant case are absolutely improper." LR 37-2 Stip., 10:6-8. Not only was this argument rejected some 60 years ago by the Supreme Court in the seminal case of *Hickman v. Taylor*, 329 U.S. 495, 506-07 (1947), defendants made their argument after *Hickman* was cited and quoted to them. LR 37-2 Stip., 8:19-22 (Plaintiff cites and quotes *Hickman's* rejection of "fishing expedition" objection). Defendants have never acknowledged *Hickman* or its rule.

● Defendants contended that *no* post-incident evidence could be relevant to Mr. Alvarado's claim, and that *no* "argument, authority, or logical rationale" could support a claim for post-incident evidence. Defendants' LR 37-3 Supplemental Memorandum filed 5/13/09 (document 89), 4:19-21. Defendants held to this argument even though plaintiff relied on *Henry v. County of Shasta*, 132 F.3d 512, 519, 521 (9th Cir. 1997), cited in both the LR 37-2 Stip. (page 9) and in plaintiff's supplemental memorandum filed 5/13/09 (document 90), pp. 4-5. It was in *Henry* that the Ninth Circuit "reiterate[d] our rule that post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy

or custom, but is highly probative with respect to that inquiry." 132 F.3d at 519. Defendants have never acknowledged *Henry* in the proceedings before Magistrate Judge Chapman, nor in their moving papers before this Court.

● Defendants relied on a three year old declaration of Lt. Paul Drake that, while insufficient on its face, was made worse given that subsequent to that declaration Magistrate Judge Nagle, in *Reyes v. City of Glendale*, CV05-253 GPS (MANx), issued a discovery and protective order undermining Drake's conclusory assertions. 5/21/09 Order, pp. 7-8 & fn.5. In other words, despite having notice of the inadequacy of Drake's declaration (by virtue of the *Reyes* proceedings) defendants again offered Drake's declaration, thus compounding a patently insufficient effort to properly invoke the official information privilege.

It is *not* true that Magistrate Judge Chapman agreed with defendants that the requests were "overbroad" as defendants had argued it and hence, the 2007 and 2008 log books were not produced on that basis. Reconsideration Motion 8:3-7. As stated above, to Magistrate Judge Chapman defendants argued that *any* evidence of the defendants' practice that post-dated Mr. Alvarado's incarceration was irrelevant, a position Magistrate Judge Chapman expressly rejected, see 5/21/09 Order, pp. 5-6. Magistrate Judge Chapman did not order production of the 2007 and 2008 log books because plaintiff (through oversight) had not asked for AJIS data in request no. 25 for 2007 and 2008. *Id.*, page 5, fn. 4. Hence, the log books for those years would be unuseable under plaintiff's theory, a theory the Magistrate Judge found otherwise viable. *Id.*, at pp. 4-6.

Nor did defendants' offer to stipulate to a production of only the 2005 AJIS data and log books in lieu of the compliance motion, or their demand for a protective order, show substantial justification. The reason plaintiff sought AJIS data and log books covering 5 years is that he must prove both that (1) a practice or custom existed, and (2)

what that practice or custom consisted of. Defendants were willing to stipulate as to the second; but were unwilling to stipulate to the first. LR 37-2 Stip., 6:2-4 ("Defendants maintain that the evidence Plaintiff seeks does not establish a custom or practice of anything . . ."). While defendants were and are entitled to put plaintiff to his proof, upon doing so plaintiff was justified in seeking the 5 years of evidence.

Regarding the matter of a protective order, there was never any dispute over a protective order. E.g., LR 37-2 Stip., 13:16-19 (Plaintiff states he is willing to agree to a protective order). The dispute was whether defendants would produce the records other than 2005 AJIS data and log books.

Finally, defendants' suggestion that the sanctions were imposed because Magistrate Judge Chapman evidenced a personal dislike for defense counsel, is frivolous. The issue of sanctions was covered in Part II of Judge Chapman's order. The entire discussion focused on the merits of the request, the amount sought versus the amount to award, and so on. There was no discussion of any factor that could remotely be connected to or reflective of a personal bias by Judge Chapman towards or against any party or their counsel. The discussion of the behavior of the parties' counsel occurs in Part III. It is true that while Judge Chapman reminded all counsel of the rules of professional conduct and the need to operate in good faith and in a civil manner, she criticized only the behavior of defense counsel. For good reason. In the papers before Judge Chapman only defense counsel had engaged in the "uncivil and offensive" conduct. Thus, it was sensible for Judge Chapman to mention defense counsel in this regard. Had the papers on the motion to compel contained statements and accusations by plaintiff's counsel like those made by defense counsel, Judge Chapman would have mentioned it, just as this Court did in ruling on defendants' last summary judgment motion. See 6/1/09 Order, page 5 (document

101).[2]

## IV. CONCLUSION.

For the foregoing reasons, defendants' motion should be denied.

DATED: June 15, 2009

                          **ROBERT MANN**
                          **DONALD W. COOK**
                          Attorneys for Plaintiff

By_____[signature: Donald W. Cook]_____
              Donald W. Cook

---

[2] Defendants assert that "it is undisputed that Plaintiff's counsel made dishonest statements to the Court," as evidenced, in part, by Plaintiff's counsel's lack of response, in the discovery papers, to the accusation. Reconsideration Motion, 11:5-7.

The absence of a response is not because the accusations are true (they are not); it is because doing so only embroils the Court in matters irrelevant to the issue the Court must decide. Judicial resources are scarce and are best spent resolving matters that need deciding.