NOTE: CHANGES MADE BY THE COURT

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIO ALVARADO, individually and as class representative,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>WILLIAM J. BRATTON; LEE BACA; WILLIAM STONICH, Assistant Sheriff; LARRY W. WALDIE; DOYLE R. CAMPBELL, Assistant Sheriff; PAUL K. TANAKA, Assistant Sheriff; CHARLES JACKSON, Division Chief; MARC L. KLUGMAN, Division Chief individually and in their official capacities; CITY OF LOS ANGELES; CITY OF LOS ANGELES POLICE DEPARTMENT; COUNTY OF LOS ANGELES; LOS ANGELES COUNTY SHERIFF'S DEPARTMENT<br><br>　　　　　Defendants. | CASE NO. CV 06-07812 PA(RCx)<br><br>[~~PROPOSED~~]<br><br>**PROTECTIVE ORDER REGARDING DISCLOSURE OF CONFIDENTIAL INFORMATION TO BE PRODUCED BY COUNTY DEFENDANTS TO CITY DEFENDANTS** |

　　　Pursuant to the Stipulation executed by County of Los Angeles, Los Angeles County Sheriff's Department ("County Defendants"), and the City of Los Angeles and the Los Angeles Police Department ("City Defendants"), the Court issues the following protective order:

///

1

**A.   ITEMS COVERED BY THIS PROTECTIVE ORDER**

1. The protective order applies only to the following documents to be produced by the County Defendants:

    a. The Los Angeles County Consolidated Criminal History for Walfre Hernandez;

    b. The Los Angeles County Consolidated Criminal History under CII# A22955234;

    c. The criminal history under CII# A22955234, as maintained by the California Department of Justice;

    d. The criminal history for Walfre Hernandez, as maintained by the California Department of Justice;

2. Should any party wish to stamp any of the above records as "CONFIDENTIAL" that party may not stamp the records in such a way as to cover any written portion of the records. The documents must remain completely legible.

**B.   USE OF RECORDS**

1. Absent further order of the Court, the items covered by this protective order for this case only, including any appeals, and not for any other purpose whatsoever.

2. Items covered by this protective order, including any related copies, summaries, extracts, notes, photographs, memos, audiotapes and transcripts, shall not be disclosed, except to the following persons:

    a. The attorneys of record, including legal assistants, paralegals, investigators and clerical employees working under counsel's supervision, as well as outside copying, graphic, computer services, and court reporters performing services in connection with this action;

///

  b. Experts, consultants, investigators and their employees, retained and/or consulted by the attorneys of record to assist in the preparation of this action;

  c. The parties, including their officers, agents and employees who are directly assisting counsel with the conduct or resolution of this action;

  d. Witnesses while being examined by counsel at a deposition or trial. However, if the item is attached as an exhibit to a deposition transcript, the copy attached as an exhibit shall be redacted to omit names, birth dates, social security numbers, and addresses; and

  e. The Court and its personnel.

3. Before any disclosure of the items covered by this protective order, they will inform any person identified in Paragraph 2 above, of the terms of the protective order.

4. If any party wishes to disclose items covered by this protective order to any person other than those listed in Paragraph 2, above, that party shall give written notice to the non-disclosing party so that the non-disclosing party can make a motion to prevent the disclosure. The party wishing to disclose the information will not to do so unless and until agreement with the other party is reached, or the other party's motion is ruled on by the court. If however, the other party does not file its motion within two weeks of the notice, the party wishing to disclose the information may deem the issue to have been abandoned.

5. Upon final determination of this action, whether by judgment, settlement or otherwise, including all appeals, and upon the producing party's request, Plaintiff shall return those items, along with all copies, to the producing party. Any messenger or postage fees shall be paid by the requesting party. In the alternative, the producing party may request the items be destroyed.

**C. OTHER**

1. The execution of this protective order shall not preclude any party from moving the court for other or further protective orders during this action.
2. This protective order is subject to amendment and modification by further stipulation among counsel and/or by order of the Court.

*IT IS SO ORDERED; as amended in paragraph 2.*

DATED:  _June 24, 2009_____     __/S/ ROSALYN M. CHAPMAN____
                                                         ROSALYN M. CHAPMAN
                                                         United States Magistrate Judge