**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 06-7812 PA (RCx) | | Date | June 29, 2009 |
|---|---|---|---|---|
| Title | Julio Alvarado v. William Bratton, et al. | | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | None | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS

  Before the Court is a Motion for Reconsideration of the Magistrate Judge's Discovery Order (Docket No. 102) filed by defendants County of Los Angeles, Los Angeles County Sheriff's Department, Sheriff Lee Baca, and William Stonich, Larry Waldie, Doyle Campbell, Paul Tanaka, Charles Jackson, and Marc Klugman, all of whom either were or are high-ranking officials within the Los Angeles County Sheriff's Department (collectively the "County Defendants"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 29, 2009, is vacated, and the matter taken off calendar.

  The County Defendants challenge the May 21, 2009 order issued by the Magistrate Judge assigned to this action compelling the County Defendants to produce information responsive to two discovery requests propounded by plaintiff Julio Alvarado ("Plaintiff"). The disputed discovery requests involve "AJIS data" for prisoners released from custody by the County Defendants from January 1, 2003 through September 30, 2006 (Document Request No. 25) and disputed warrant log books for 2003 through 2008 (Document Request No. 27). Because the purpose of the two requests was to compare the AJIS data to the disputed warrant log books, the Magistrate Judge ordered production of the log books for 2003 through 2006, but not the 2007 and 2008 log books.

  In their Motion for Reconsideration, the County Defendants seem to suggest that the Magistrate Judge has ordered them to provide AJIS data for all of 2006. (See Motion for Reconsideration 2:14-19.) Contrary to the County Defendants' interpretation of the May 21, 2009 order, this Court does not believe that the Magistrate Judge has required the production of AJIS data for any period beyond September 30, 2006. The County Defendants also protest the May 21, 2009 order's requirement that the County Defendants produce the entire 2006 disputed warrant log book rather than just the first nine months' worth of entries. According to the County Defendants, such a limitation would be consistent with Plaintiff's request for the AJIS data only through September 30, 2006, and his stated need to compare the log books to the AJIS data during the same time period. Finally, the County Defendants object to the Magistrate Judge's decision to sanction them $1,837.50 pursuant to Federal Rule of Civil Procedure 37.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 06-7812 PA (RCx) | Date | June 29, 2009 |
|---|---|---|---|
| Title | Julio Alvarado v. William Bratton, et al. | | |

      A magistrate judge's decision on a nondispositive discovery matter "is entitled to great deference by the district court." U.S. v. Abonce-Barrera, 257 F.3d 959, 969 (9th Cir. 2001). Indeed, a district court will only reverse or modify a magistrate judge's ruling on nondispositive pretrial matter if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." Concrete Pipe & Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); see also Sec. Farms v. Intern. Brotherhood. of Teamsters, 124 F.3d 999, 1014 (9th Cir. 1997) (citation omitted); Federal Deposit Ins. Corp. v. Fidelity & Deposit Co. of Maryland, 196 F.R.D. 375, 378 (S.D. Cal. 2000). A decision is "contrary to law" if it applies an incorrect legal standard or fails to consider an element of the applicable standard. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir. 1989) (such failure constitutes an "abuse of discretion"). The "contrary to law" standard permits independent review of purely legal determinations made by the magistrate judge. Haines v. Liggett Group, Inc., 975 F.2d 81, 91 (3d Cir. 1992); Federal Deposit Ins. Corp, 196 F.R.D. at 378. However, the reviewing court may not simply substitute its judgment for that of the deciding court. Grimes v. City and County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

      As the Court has already indicated, the Magistrate Judge did not order the County Defendants to provide information in excess of that requested in Plaintiff's Document Request No. 25. To the extent the County Defendants' Motion for Reconsideration contends otherwise, the Motion is denied.

      The County Defendants also challenge the Magistrate Judge's order that they provide the entire 2006 disputed warrant log book, rather than just the entries through September 30, 2006 to correspond with the AJIS records the County Defendants were ordered to produce. The Court believes that this discrepancy was the result of imprecise briefing by the County Defendants rather than an error on the part of the Magistrate Judge. Specifically, the County Defendants' portion of the Joint Statement speaks of entire calendar years rather than ever highlighting the September 30, 2006 limitation in Request No. 25. (See 12:17-21 ("[T]here is no reason for Plaintiff to request disputed warrant log books from 2003 through 2008 where Plaintiff is only seeking AJIS data covering the time span of 2003 through 2006; in other words, even if Plaintiff gets everything he wants, there will be no AJIS data to compare the 2007 and 2008 disputed warrant log books to.").)

      However, this imprecision was not, as Plaintiff suggests, a waiver of the argument that the production of the disputed warrant log books should be confined to the time period of the AJIS data. The County Defendants did argue that, at a minimum, Plaintiff should not get warrant log books for 2007 and 2008 because Plaintiff had not requested AJIS data for those years. Therefore, although the County Defendants should have been clearer when making the argument that they should not have to produce the disputed warrant log for the final three months of 2006, it seems clear to this Court that the Magistrate Judge accepted the County Defendants' argument that the time period of the AJIS date and disputed warrant log books should coincide. That the Magistrate Judge's decision did not expressly limit the production of the disputed warrant log books to the exact same time period as the AJIS data may not have been "clearly erroneous," but it also was arguably inconsistent with the Magistrate

SEND

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 06-7812 PA (RCx) | | Date | June 29, 2009 |
|---|---|---|---|---|
| Title | Julio Alvarado v. William Bratton, et al. | | | |

Judge's intent. The Court therefore denies the County Defendants' Motion for Reconsideration except to the extent it requires production of the disputed warrant log book for the period from October 1, 2006 through December 31, 2006. The County Defendants shall not be required to produce that portion of the disputed warrant log book.

The County Defendants also challenge the Magistrate Judge's imposition of $1,837.50 in sanctions against them. Federal Rule of Civil Procedure 37 requires a court to award the moving party's reasonable expenses whenever it grants a motion to compel unless the "opposing party's nondisclosure, response, or objection was substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii). In their Motion for Reconsideration, the County Defendants contend that because the Magistrate Judge accepted some of their arguments and limited the production of the disputed warrant log books, their position was "substantially justified" and it was error for them to be sanctioned. The County Defendants further argue that the Magistrate Judge erred by sanctioning them not for their position in the discovery dispute, but to punish them for language critical of Plaintiff's counsel contained in the Joint Statement.

Both of these arguments lack merit. In objecting to Plaintiff's production requests, the County Defendants pressed arguments that had been rejected in a previous similar action. Moreover, in the Joint Statement, the County Defendants objected to the entirety of Plaintiff's discovery requests. The Magistrate Judge's determination that these positions were not "substantially justified" is not "clearly erroneous" on "contrary to law." The County Defendants' argument that they were sanctioned "based on her apparent dislike for defense counsel" is similarly without merit. While it is true that the Magistrate Judge admonished the County Defendants' counsel's tone in Part III of the May 21, 2009 order, the discussion concerning the imposition of sanctions is contained in Part II of the order. Nothing in the Magistrate Judge's discussion of sanctions refers to counsel's conduct. Moreover, the record discloses a sufficient basis for the imposition of sanctions. Any suggestion that the sanctions were imposed as a result of the Magistrate Judge's alleged personal animosity against the County Defendants' counsel is not supported by any evidence. As this Court warned counsel in its June 1, 2009 order denying the County Defendants' Motion for Summary Judgment, baseless and vitriolic argument such as that contained in the Motion for Reconsideration do not advance the interests of the parties or counsel.

For all of the foregoing reasons, the Motion for Reconsideration is denied except to the extent it challenges the production of the disputed warrant log books for the period from October 1, 2006 through December 31, 2006. Those documents need not be produced.

IT IS SO ORDERED.