1  PAUL B. BEACH, State Bar No. 166265
   pbeach@lbaclaw.com
2  SCOTT CARON, State Bar No. 227871
   scaron@lbaclaw.com
3  LAWRENCE BEACH ALLEN & CHOI, PC
   100 West Broadway, Suite 1200
4  Glendale, California  91210-1219
   Telephone No. (818) 545-1925
5  Facsimile No. (818) 545-1937

6  Attorneys for Defendants
   County of Los Angeles, Los Angeles County Sheriff's Department,
7  Sheriff Lee Baca, Assistant Sheriff William Stonich, Larry W. Waldie,
   Assistant Sheriff Doyle R. Campbell, Assistant Paul K. Tanaka and
8  Division Chief Marc L. Klugman

9

10            UNITED STATES DISTRICT COURT

11           CENTRAL DISTRICT OF CALIFORNIA

12

13  JULIO ALVARADO,                  ) Case No. CV 06-7812 PA (RCx)
                                     )
14                                   ) Honorable Percy Anderson
                 Plaintiff,          )
15                                   ) **REPLY IN SUPPORT OF MOTION
           vs.                       ) FOR RECONSIDERATION OF
16                                   ) THE COURT'S ORDER DENYING
                                     ) DEFENDANTS' MOTION FOR
17  WILLIAM BRATTON, et al..         ) SUMMARY JUDGMENT**
                                     )
18                                   ) **[Fed. R. Civ. P., Rules 59(e),
                 Defendants.         ) 60(b)(6)]**
19                                   )
                                     ) Date:       July 27, 2009
20                                   ) Time;       1:30 p.m.
                                     ) Courtroom 15
21                                   )
                                     )
22                                   )
                                     )
23  _____ )

24

25  TO THE HONORABLE COURT, THE INTERESTED PARTIES, AND THEIR

26  ATTORNEYS OF RECORD:

27  //

28  //

                               1

1    Defendants COUNTY OF LOS ANGELES, LOS ANGELES COUNTY.

2    SHERIFF'S DEPARTMENT, SHERIFF LEE BACA, ASSISTANT SHERIFF

3    WILLIAM STONICH, LARRY W. WALDIE, ASSISTANT SHERIFF DOYLE

4    R. CAMPBELL, ASSISTANT PAUL K. TANAKA and DIVISION CHIEF

5    MARC L. KLUGMAN hereby submit their reply to Plaintiff's opposition to

6    Defendants' motion for reconsideration.

7

8    Dated:  July 17, 2009                LAWRENCE BEACH ALLEN & CHOI, PC

9

10                                        By

11                                            Scott E. Caron
                                           Attorneys for Defendants
12                                         COUNTY OF LOS ANGELES, LOS ANGELES
                                           COUNTY SHERIFF'S DEPARTMENT,
13                                         SHERIFF LEE BACA, ASSISTANT SHERIFF
                                           WILLIAM STONICH, LARRY W. WALDIE,
14                                         ASSISTANT SHERIFF DOYLE R.
                                           CAMPBELL, ASSISTANT PAUL K. TANAKA,
15                                         and DIVISION CHIEF MARC L. KLUGMAN

16

17

18

19

20

21

22

23

24

25

26

27

28

2

Alvarado\Reply re Reconsideration re MSJ

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   THERE IS NO DIFFERENCE BETWEEN "SUBJECTIVE INTENT" AND "CAUSE IN FACT."

The distinction Plaintiff attempts to make between "subjective intent" and "cause in fact" is a meaningless one, because causation is necessarily linked to Defendants' subjective reason for detaining Plaintiff. Plaintiff's basic claim is that Defendants had a choice between detaining him and releasing him, made the choice to detain him, and the decision to detain him was wrongful. Because the test for quasi-judicial immunity is purely objective, however, the Court was precluded from considering Defendants' *reason* for making that decision. Any decision by LASD personnel not to rely on the remanding order necessarily reflects the subjective intent of LASD personnel and is irrelevant to the question of immunity.

In all of the cases Defendants have cited for this proposition, the issue of subjective intent was raised in the context of causation - that is, one of the parties argued that there was a particular *reason* why the defendant engaged in the conduct, and that the court should consider that reason in weighing the claims and defenses. For example, in *Bogan v. Scott-Harris*, 523 U.S. 44 (1998), the plaintiff argued that the reason for the defendant city's elimination of her position of administrator of the Department of Health and Human Services was her decision to terminate a subordinate. In *Whren v. U.S.*, 517 U.S. 806 (1996), the criminal defendant argued that the reason for the traffic stop that led to his arrest and conviction was racial animus, rather than a desire to enforce traffic laws. In *Clemmons v. City of Long Beach*, 283 Fed. Appx. 487 (9th Cir. 2008), the plaintiff argued that he was detained pursuant to the arrest warrant, not the remanding order. *See Clemmons v City of Long Beach*, Appellee's Answering Brief, 2007

//

//

1

Alvarado\Reply re Reconsideration re MSJ

WL 2216498 at *25 (filed June 20, 2007).[1]  In all of these cases, however, the reviewing court ignored any argument that the official action was caused by any particular intent on the part of the actor, or was taken for a particular reason; instead, the court in each case focused only on the action itself, and whether it was objectively lawful.

In this case, there is no question that the remanding order was in effect the entire time Plaintiff was in custody - the Court need only review the docket for case no. 5SF05319, which was submitted in support of the motion for summary judgment, to see that this is so.  There is also no question that the remanding order directed LASD personnel to detain Plaintiff, and LASD's decision to detain Plaintiff enforced that directive.  Defendants are therefore immune, irrespective of whether LASD personnel relied on the remanding order or whether they intended to enforce the court order.[2]  The only consideration is whether the court order authorized the detention; the reason why LASD detained Plaintiff is irrelevant.

Plaintiff's argument that LASD had the discretion to release him despite the remanding order misses the point.  It does not matter whether LASD had a choice to release Plaintiff; all that matters is whether there is immunity for choosing to detain him.  As Defendants pointed out in the motion for summary judgment, this very same argument was raised by the plaintiff in *Clemmons*, where the plaintiff

---

[1] While Defendants recognize that *Clemmons* is an unpublished decision and the Court need not follow it, Defendants believe it would be beneficial for the Court to review not only the opinion but also the briefs submitted to the Ninth Circuit so that the Court will have some idea of the arguments addressed in that appeal.

[2] It does not matter whether LASD's decision not to rely on the remanding order was the result of an official LASD policy or a unilateral decision by an LASD employee.  The rule is that a quasi-judicial immunity analysis is to be "stripped of all considerations of intent and motive."  The reason why the decision is made is irrelevant, because the decision itself is precluded from consideration.

2

Alvarado\Reply re Reconsideration re MSJ

1   presented the testimony of a County designated agent who testified that LASD

2   personnel will release an inmate who has been remanded if it appears the inmate is

3   not the subject of a warrant on which he was arrested. *Clemmons v. City of Long*

4   *Beach*, Appellee's Answering Brief, 2007 WL 2216498 at *20-21 (filed June 20,

5   2007). The argument was rejected by the Ninth Circuit, because the Ninth Circuit

6   recognized that the only relevant issue was whether there could be liability for

7   detaining the plaintiff where there was a court order in effect directing LASD to

8   detain him. Plaintiff has offered no explanation as to why an argument that was

9   rejected by the Ninth Circuit in *Clemmons* should prevail here.

10          LASD's policy of citing and releasing inmates arrested on low bail

11  misdemeanor charges is also irrelevant because, as Plaintiff acknowledges, the

12  policy was not followed in this case (Plaintiff was not issued a citation on the

13  misdemeanor charge). It is therefore clear that he would not have been released

14  even if the remanding order had been the only document authorizing his detention.

15  In any event, Plaintiff only cites the policy for the improper purpose of establishing

16  the reason for the decision to detain him.

17          Defendants must note that Plaintiff has urged that his claims be analyzed

18  under the Fourth Amendment. There is no question that an objective standard

19  applies to Plaintiff's Fourth Amendment claims. An objective standard therefore

20  also applies to Defendants' assertion of affirmative defenses to a Fourth

21  Amendment claim. Furthermore, it is axiomatic under the Fourth Amendment

22  that, where there is lawful authority for an arrest or detention based on one arrest

23  charge, the detention is lawful even if the arrestee is arrested on another charge for

24  which there is no lawful authority. *Barry v. Fowler*, 902 F.2d 770, 773 fn.5 (9th

25  Cir. 1990). That is precisely what Plaintiff contends happened in this case - lawful

26  authority under the remanding order, but no lawful authority under the warrants.

27          The basic rule upon which Defendants' motion for summary judgment rests

28  is very simple -- if the remanding order authorized LASD to detain Plaintiff, there

3

Alvarado\Reply re Reconsideration re MSJ

1  is immunity regardless of whether LASD personnel relied on it when they took

2  custody of Plaintiff. The test for quasi-judicial immunity is a "functional" one that

3  focuses on the official action itself, without regard to the reason why the action

4  was taken. The Court was permitted to consider only whether the decision to

5  detain him, stripped of all considerations of intent and motive, was "essential to

6  safeguarding the integrity of the judicial process [and] closely associated with that

7  process." *Hill v. City of New York*, 45 F.3d 653, 660-661 (2d Cir. 1995). A

8  detention is "essential to safeguarding the integrity of the judicial process" where it

9  is authorized by a court order. *See, e.g., Roland v. Phillips*, 19 F.3d 552, 555 (11th

10  Cir. 1994); *Patterson v. Von Riesen*, 999 F.2d 1235, 1239 (8th Cir. 1993);

11  *Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006). It was therefore

12  inappropriate to deny summary judgment.

13  **II.    THE UNDISPUTED EVIDENCE AT SUMMARY JUDGMENT**

14  **ESTABLISHED THAT LASD DID NOT HAVE NOTICE THAT**

15  **LAPD MISTAKENLY IDENTIFIED PLAINTIFF WITH THE**

16  **WARRANTS.**

17  In the motion for summary judgment, Defendants argued that there was

18  independent lawful authority to detain Plaintiff "pursuant to" the warrants, because

19  LASD personnel did not have notice that Plaintiff was not the subject of the

20  warrants. (*See*, Defendants' Motion for Summary Judgment, Docket No. 73, at

21  13:13-26; Defendants' Reply, Docket No. 97, at 3:11-4:5, 7:24-26). Plaintiff's

22  argument that the issue was not before the Court is incorrect - the issue of quasi-

23  judicial immunity was very clearly before the Court, and the motion should have

24  been granted based on any evidence supporting that theory. In any event, the

25  Court's failure to consider whether or not the alleged triable issue of fact was

26  material constitutes legal error, for which a motion for reconsideration is an

27  appropriate avenue of relief. *In re International Fibercom, Inc.* 503 F.3d 933,

28  940-941 (9th Cir. 2007); *Gila River Ranch, Inc. v. United States*, 368 F.3d 354,

4

Alvarado\Reply re Reconsideration re MSJ

1    356 (9th Cir. 1966).  This error was not apparent until the Court issued its ruling,

2    and it is therefore appropriate to address it in a motion for reconsideration.

3          Plaintiff continues to insist that LAPD provided LASD with the Gavino

4    warrant abstract despite the absence of any evidence that this actually occurred.

5    While Plaintiff has submitted evidence that arresting agencies normally provide

6    warrant abstracts to LASD when an inmate is detained on only one charge,

7    Plaintiff presented no evidence that LASD always receives all warrant abstracts in

8    a case such as this, where an inmate is arrested on multiple warrants.  Defendants,

9    on the other hand, submitted evidence (which was undisputed by Plaintiff) that

10    where a warrant abstract is not included in an inmate's booking jacket, the most

11    likely explanation is that it was not provided to LASD by the arresting agency.

12    Defendants' evidence therefore speaks directly to what happened in this case, as

13    opposed to Plaintiff's evidence of what ordinarily occurs.  Plaintiff's contention

14    that LAPD provided LASD with the warrants is nothing but speculation, and

15    Plaintiff cannot create a triable issue of fact based on speculation.

16          Because LASD personnel were not provided with the Gavino warrant

17    abstract, LASD could not have been aware of any discrepancies between Plaintiff's

18    description and the description on the warrant.  It was therefore appropriate for

19    Defendants to rely on the Gavino warrant in detaining Plaintiff, and Defendants are

20    entitled to quasi-judicial immunity for doing so.

21          In any event, it does not matter whether or not LASD had the Gavino

22    warrant abstract because it is undisputed that Plaintiff never complained to LASD

23    personnel that he was not the subject of the warrants.  Plaintiff has never disputed

24    this fact, either in opposition to the motion for summary judgment or in

25    opposition to the motion for reconsideration.  LASD personnel were entitled to

26    presume that Plaintiff did not challenge his detention, and were entitled to rely on

27    the warrants regardless of any discrepancies between the descriptions on the

28    warrants and Plaintiff's description.  Plaintiff has cited no authority for the

5

Alvarado\Reply re Reconsideration re MSJ

1  proposition that the Fourth Amendment imposes a duty on a non-arresting law
2  enforcement agency to "double check" the arresting agency's decision to match a
3  particular inmate with a warrant on its own initiative.  Defendants are therefore
4  entitled to quasi-judicial immunity even if there is a triable issue of fact as to
5  whether Plaintiff was detained "pursuant to" the remanding order or "pursuant to"
6  the warrants.

7  **III.   PLAINTIFF DOES NOT DISPUTE THAT THE COURT**
8       **MISINTERPRETED THE EVIDENCE.**

9       The Court's holding that there is a triable issue of fact is based on a
10  misinterpretation of the evidence.  As discussed above, any policy of citing and
11  releasing inmates on low bail misdemeanor charges is irrelevant to this case,
12  because: (1) the policy was not followed with respect to Plaintiff (he was not
13  cited on the misdemeanor charge); and (2) the policy does not speak to the
14  relevant question of whether the remanding order authorized LASD to detain
15  Plaintiff, but rather to the irrelevant issue of whether LASD had the discretion to
16  release Plaintiff on the misdemeanor charge.[3]  It does not answer the question of
17  which document LASD relied on in detaining Plaintiff.  The fact that Plaintiff
18  was released on November 8, 2005 rather than November 10, 2005 only shows
19  that LASD chose not to follow the remanding order on November 8, after LASD
20  learned that Plaintiff was not the subject of the warrants.  It says nothing about
21  LASD's intent before that change in circumstances, on November 7.

22       Finally, Plaintiff produced no evidence that when an inmate is detained on
23  more than one charge, and there is more than one document in the booking

24

25  _____

26  [3] Defendants must nonetheless point out that the Section 5-03/115.20 of LASD's
27  policies and procedures says nothing about the policy for releasing remanded
   inmates, and specifically provides that the policy is not to be followed if the
28  watch commander believes release would be "unreasonable."  It is therefore clear
   that the policy does not apply in all cases (just as it was not applied here).

6

Alvarado\Reply re Reconsideration re MSJ

1   paperwork authorizing LASD to detain him, LASD personnel will make a

2   conscious decision to rely on one document to the absolute exclusion of all

3   others.  Plaintiff presented no evidence of a policy requiring LASD personnel to

4   make such a choice or to document such a choice (because there is no such

5   policy).  Absent such evidence, there is no basis for the Court's holding that

6   LASD personnel may have made such a choice in this case.

7   **IV.   CONCLUSION.**

8           The Court's holding that there is no immunity unless LASD personnel relied

9   on the remanding order is contrary to the holdings of every single federal case on

10  quasi-judicial immunity or probable cause under the Fourth Amendment.  The test

11  is an objective one, and asks only whether the detention was authorized by a court

12  order.  There is no question that the test is satisfied in this case.  Defendants

13  therefore request that the Court grant their motion for reconsideration, reconsider

14  the motion for summary judgment under the correct legal standard, vacate the prior

15  order denying Defendants' motion for summary judgment, and enter a new order

16  granting summary judgment.

17

18  Dated:  July 17, 2009          LAWRENCE BEACH ALLEN & CHOI, PC

19

20                                  By _____

21                                        Scott E. Caron

                                      Attorneys for Defendants

22                                  COUNTY OF LOS ANGELES, LOS

                                     ANGELES COUNTY SHERIFF'S

23                                  DEPARTMENT, SHERIFF LEE BACA,

                                     ASSISTANT SHERIFF WILLIAM STONICH,

24                                  LARRY W. WALDIE, ASSISTANT SHERIFF

                                     DOYLE R. CAMPBELL, ASSISTANT PAUL

25                                  K. TANAKA and DIVISION CHIEF MARC L.

26                                  KLUGMAN

27

28

Alvarado\Reply re Reconsideration re MSJ