**ROBERT MANN**, CSB 48293
**DONALD W. COOK**, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA  90010
(213) 252-9444; (213) 252-0091 facsimile
manncook@earthlink.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ALVARADO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM BRATTON, et al.,<br><br>Defendants. | Case No. CV06-7812 PA (RCx)<br>(Assigned to the Hon. Percy Anderson)<br><br>**PLAINTIFF'S OPPOSITION, *IN PART*, TO LOS ANGELES CITY DEFENDANTS' *EX PARTE* APPLICATION FOR ORDER DIRECTING RELEASE OF CRIMINAL HISTORY INFORMATION; DECLARATION OF DONALD W. COOK**<br><br>DISCOVERY MATTER |

TO THE HON. ROSALYN M. CHAPMAN, UNITED STATES MAGISTRATE JUDGE:

Plaintiff opposes in part City of Los Angeles ("City") defendants' *ex parte* application. Plaintiff does *not* oppose the acquisition and release of his criminal history information to the parties (subject to a protective order). Plaintiff requests, however, that the Court direct the City defendants to obtain Mr. Alvarado's criminal history information through an LAPD CLETS terminal. This would be in addition to, or in lieu thereof, of having the California Department of Justice generate the criminal history (the request

defendants make). As explained in the declaration of counsel, having the LAPD generate Mr. Alvarado's criminal history will more accurately recreate the criminal history information the officers actually had when they arrested Mr. Alvarado on November 5, 2005.

DATED: July 30, 2009

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

By /s/ Donald W. Cook
Donald W. Cook


# DECLARATION OF DONALD W. COOK

I, DONALD W. COOK, declare:

1. I am one of the attorneys representing Plaintiff, and I am the trial attorney. I have appeared at all proceedings in this matter.

2. This lawsuit arises from Mr. Alvarado's November 5, 2005 arrest by LAPD officers. In that arrest officers booked him on two warrants (*Gavino/Hernandez* warrants) meant for another person. Plaintiff contends that had he not been booked on these two warrants, he would have been released within a few hours of his November 5 arrest. Instead, he spent three days in custody.

3. The City defendants' *ex parte* application wants Mr. Alvarado's criminal history as generated by the California Department of Justice ("CDOJ") from one of its computer terminals. As explained in the paragraphs below, the problem is twofold. First, the CDOJ criminal history printout will be limited to CDOJ data. Second, the hard copy printout the CDOJ generates from its terminals is structured differently from the actual printout the LAPD officers received when they accessed Mr. Alvarado's criminal history on November 5, 2005. This latter point is important because I have found that officers rely in part on report formatting in assessing the relative importance of various data and identification elements contained therein.

4. During the course of booking Mr. Alvarado, LAPD personnel "livescanned" him and generated his criminal history. Livescanning is a process by which an electronic image of an arrestee's fingerprints is obtained and then used to acquire, *inter alia*, an arrestee's local and state criminal history. "Local" history refers to Los Angeles County-based detentions, arrests, prosecutions, convictions, as recorded in a computer database system maintained by the Los Angeles County Sheriff's Department. "State" refers to California-based arrests and convictions reported to the California Department of Justice

and kept by the CDOJ under the arrestee's state-assigned "CII" number.

5. On November 5, 2005, when LAPD obtained Mr. Alvarado's local and state criminal histories, the histories were reported to the LAPD in a "Los Angeles County Consolidated Criminal History System" report, aka "CHEERS" report. The CHEERS report was generated and printed from an LAPD CLETS computer terminal. Attached hereto as **Exhibit A** is page 1 of Mr. Alvarado's CHEERS report the LAPD generated on November 5, 2005. The original CHEERS report was probably at least 4 pages. The other (missing) pages would have had information about Mr. Alvarado's descriptors; dates, charges and case numbers of criminal convictions; and pending criminal cases. The LAPD claims it "lost" Mr. Alvarado's 11/5/05 CHEERS report. The only reason the attached page 1 exists is that the Los Angeles County defendants got a copy of that page from the LAPD on or about November 7, 2005, when the Sheriff's department took custody of Mr. Alvarado.

6. If the LAPD were to generate Mr. Alvarado's criminal history today from one of its CLETS computer terminals, the LAPD would obtain the history in the form of the aforementioned CHEERS report. This, of course, would provide the information in the same format the LAPD received November 5, 2005, with basically the same information (albeit supplemented by events occurring since 11/5/05).

7. But rather than ask for a Court order permitting the LAPD to obtain Mr. Alvarado's criminal history using an LAPD CLETS terminal – a request that I have repeatedly told defense counsel I fully support – in their *ex parte* application the City defendants want only the CDOJ to produce a printout of Mr. Alvarado's CDOJ-maintained criminal history. A CDOJ generated report provides less information than a CHEERS report. A CDOJ report is based only on arrests/convictions reported to the CDOJ and hence, does not include County-based information never reported to the

CDOJ. Additionally, the arresting officers did not use a CDOJ report; they relied on Mr. Alvarado's CHEERS report. Finally, because a CDOJ report is provided in a different report format (see **Exhibit B**, a CDOJ report for another client) I am concerned the defendant officers will be unfamiliar in knowing how to read the CDOJ report.

8. As mentioned above, I have asked counsel for the City defendants to seek a Court order permitting the LAPD to generate Mr. Alvarado's criminal history from one of the LAPD's CLETS terminals. Defense counsel refuses, claiming that the LAPD cannot do so. This claim is false. I represented Plaintiff Anna Richwine in *Richwine v. City of Los Angeles*, CV07-07123 ABC (FMO). Ms. Richwine was arrested by LAPD officers on October 5, 2005 (a month before Mr. Alvarado's arrest). During Ms. Richwine's booking the LAPD generated a CHEERS report on her criminal history. As in this case, once litigation commenced in *Richwine* the City defendants claimed they had "lost" Ms. Richwine's CHEERS report. The City defendants also refused to generate another one, claiming they could not do so. On Ms. Richwine's motion to compel, Magistrate Judge Olguin ordered the LAPD to generate another CHEERS report. See Order filed 11/10/08 in CV07-017123 ABC (FMO) (document 29), 10:11-16. (For the Court's convenience, copies of the order's relevant pages are attached hereto as **Exhibit C**).

9. Therefore, on defendants' *ex parte* application I ask that the Court issue an order directing the LAPD to generate Mr. Alvarado's CHEERS report, as was done with my client in *Richwine*. This could be in lieu of, or in addition to, having the California Department of Justice generate Mr. Alvarado's criminal history. While I do not believe that Mr. Alvarado's CDOJ criminal history has evidentiary value in that the officers didn't see it, I have no objection to defendants having Mr. Alvarado's CDOJ history (subject to a protective order).

1  I declare under penalty of perjury that the foregoing is true and correct. Executed
2  July 30, 2009, at Los Angeles, California.

_____
Donald W. Cook

| LOS ANGELES COUNTY | | | Page 1 |
|---|---|---|---|
| CONSOLIDATED CRIMINAL HISTORY SYSTEM | | Date: 11/05/2005 | Time: 13:46 |

CRIMINAL HISTORY TRANSCRIPT FOR OFFICE USE ONLY - UNAUTHORIZED USE IS A CRIMINAL OFFENSE
INFORMATION FINGERPRINT VERIFIED UNLESS OTHERWISE NOTED BY AN ASTERISK(*)

Key Name:(1) ALVARDO, JULIO                      Date Name First Used: 10/27/2005
SID/CII: A11110464        MAIN: 20308516       FBI: 330799CB1        ARN:

Requested By: LPG8498                            ACHS Data Included:    YES
              AWAD, ABDULLAH
Agency:       CA0194200                          Multi-Source Record:   NO
              LAPD -
              COMMUNICATIONS
              CENTER
Reason:       DNA
Search        Search Type: Rec Num;
Criteria:     Specific Record: SID
              Record ID: 11110464

DEPT. OF JUSTICE AND DMV MAY HAVE ADDITIONAL INFORMATION

## SUMMARY

| Bookings | | Convictions | | Juvenile | | Warrants | | Probations | | INS |
|---|---|---|---|---|---|---|---|---|---|---|
| Felony: | 0 | Felony: | 0 | Sustained: | 0 | Bench: | 0 *1 | Open: | 0 | Deport: |
| Misd: | 0 *3 | Misd: | 1 *2 | Dismissed: | 0 | Arrest: | 0 | Expired: | 1 *2 | Removal: |
| | | | | | | Infract.(FTA) | 0 | | | Illegal Entry: |

## LATEST INFORMATION

### ALERTS

Warrants*

Latest Name: ALVARADO, JULIO                     Date Name Last Used: 12/14/1999

| Sex | Race | Hair | Eyes | Hgt | Wgt | DOB | Updated |
|---|---|---|---|---|---|---|---|
| Male | HISPANIC | BLACK | BROWN | 502 | 175 | ▓▓▓971 | 12/19/2003 |
| | Latest Address: | ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓835 | | | | | 09/26/2005 |
| Type | Start Date  End Date | Charge/Description | | | | Case Number | Updated |
| Registration | | Reg Number   Location | | | | | Reg Date |

© Copyright 1996, County of Los Angeles
All Rights Reserved    28

**CHEERS report re Alvarado
(generated 11/5/05) (page 1 only)**                          **EXHIBIT A**

```
RE: QHY.CA0349400.09162775.S          DATE:20090602 TIME:19:56:20
RESTRICTED-DO NOT USE FOR EMPLOYMENT,LICENSING OR CERTIFICATION PURPOSES
ATTN:S

** PALM PRINTS AVAILABLE AT DOJ FOR PALM PRINTS CONTACT

PALM.PRINT@DOJ.CA.GOV
III CALIFORNIA ONLY SOURCE RECORD
CII/A09162775
DOB/█████████     SEX/█   RAC/HISPANIC
HGT/506  WGT/175  EYE/BRO  HAI/BRO  POB/MM
NAM/01 ████████████████████
    02 ████████████████████
    03 ████████████

FBI/196876DD3
CDL/████████
SOC/████████████
MDS/CTZ MM; CTZ MX
OCC/████████████████
* * * *

ARR/DET/CITE:          NAM:████████████████████████
19890618  CASO SAN BERNARDINO

CNT:01      #████████████
  192(C) PC-MANSLAUGHTER/VEHICLE
19890627
 DISPO:REL/DET ONLY/ARRESTEE EXONERATED
   ARR BY:CAPD MONTCLAIR

CNT:02
  23153(A) VC-DUI ALCOHOL/DRUGS CAUSE BODILY INJ
19890627
 DISPO:REL/DET ONLY/ARRESTEE EXONERATED

CNT:03
  23153(B) VC-DUI.10 ALCOHOL CAUSE BODILY INJ
19890627
 DISPO:REL/DET ONLY/ARRESTEE EXONERATED
* * * *

ARR/DET/CITE:          NAM:████████████████████████
20090307  CASO SAN BERNARDINO

CNT:01      #0903████████████████
  192(C)(1) PC-VEH MANSL W/GROSS NEGLIGENCE

CNT:02
  23153(A) VC-DUI ALCOHOL/DRUGS CAUSE BODILY INJ

CNT:03
  23153(B) VC-DUI.08 ALCOHOL:CAUSE BODILY INJ
    COM: ADR-20090307 (████████████████,, CHINO, CA,
      91710)
    COM: PHOTO AVAILABLE
    COM: SCN-998C0660139
* * * *

ARR/DET/CITE:          NAM:████████████████
20090309  CASO LA INMATE RECEP CTR

CNT:01      #1830449-01498895
   -WARRANT

                Page 1 of 2
```

**CDOJ Report**

**EXHIBIT B**

-8-

```
23152(A)  VC-DUI-ALCOHOL/DRUGS
ARF BY:CAHP SANTA FE SPRINGS
WARRANT   #CC A0█████████
COM: ADR-20090309 (████████████████,, CHINO, CA,
    91710 ) TIME AT ADDRESS-(5 YEARS, )
COM: PHOTO AVAILABLE
COM: SCN-M14C0680011
   *    *    *    END OF MESSAGE    *    *    *
```

Page 2 of 2

**CDOJ Report**

**EXHIBIT B**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA RICHWINE, | NO. CV 07-7123 ABC (FMOx) |
| Plaintiff, | |
| v. | **ORDER Re: DISCOVERY MOTION and PROTECTIVE ORDER** |
| CITY OF LOS ANGELES; LOS ANGELES POLICE DEPT., et al., | |
| Defendants. | |

The court has reviewed and considered all the briefing filed with respect to plaintiff's Motion to Compel Further Responses to Requests for Production ("Motion" or "Joint Stip.") and concludes that oral argument is not necessary to resolve this Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001, as amended Mar. 27, 2001).

## INTRODUCTION

This case arises from the arrest and strip/body cavity search of plaintiff that occurred on October 11, 2005. (Joint Stip. at 1-2). According to plaintiff, defendants justified the strip/body cavity search by purportedly stating that she had, in the past, used illegal narcotics and was seen leaving a Howard Johnson Motel, which was known to be frequented by drug users. (Id. at 1). Plaintiff contends that the strip search was unconstitutional and that it is the custom and practice of the Los Angeles Police Department ("LAPD") "to routinely strip search persons who are suspected of having used, or under the influence of, illegal narcotics." (Id. at 2).

**11/10/08 Richwine Order**                                             **EXHIBIT C**

-10-

and lacks substantiation. In short, defendants' generalized objections of burdensomeness are insufficient. See Kansas-Nebraska Natural Gas Co. v. Marathon Oil Co., 109 F.R.D. 12, 24 (D. Neb. 1985) (party objecting to production requests must specify why the requests are objectionable); Roesberg, 85 F.R.D. at 296-97.

Finally, even if defendants could make a showing of burdensomeness, the "fact that production of documents would be burdensome and . . . would hamper the party's business operations may not be a reason for refusing to order production of relevant documents[.]"[3] 7 Moore's Federal Practice, ¶ 34.14[3], at 34-87 (3d ed. 2008); see also Kozlowski v. Sears Roebuck & Co., 73 F.R.D. 73, 76 (D. Mass. 1976).

D. Request No. 33: Granted.

This Request seeks plaintiff's Consolidated Criminal History Report ("CCHR"). (Joint Stip. at 31). Defendants object on the grounds that defense counsel is not authorized to run a CCHR and that plaintiff may make a written request to the LAPD for such information. (See id. at 31 & 33). The issue is not whether plaintiff or defense counsel can obtain the information; rather, it is whether defendants have access to the information. There is no dispute that they do. Accordingly, defendants' objections are overruled. See also supra at §§ III.A. and III.C.

IV. SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS.

A. Request Nos. 1 and 2: Granted as modified.

See supra at §§ III.A. and III.C. In addition, the court notes that defendants' statement that producing the 3.18 forms "could compromise pending narcotics investigations," (Joint Stip. at 37), is too vague and conclusory to merit consideration. Also, it is difficult to see how pending investigations could be compromised given that the temporal scope of the Requests ceases on October 11, 2005, more than three years ago.

In any event, the court will modify the Requests as follows. With the exception of Officer Woods, defendants shall redact the names, addresses and telephone numbers of any citizen

---

[3] Accordingly, defendants shall bear the costs of reviewing and gathering the documents.

complainant, informant and/or police officer from the 3.18 forms. In addition, the temporal scope of Request Nos. 1 and 2 shall be October 11, 2002, through October 11, 2005.

B. Request No. 4: Granted as modified.

This Request is limited to all arrest reports where defendant Woods was the arresting officer and where a strip/body cavity search was conducted.

V. SANCTIONS.

The court will not award sanctions in this instance, as plaintiff's counsel failed to set forth the amount of fees and expenses it incurred in connection with the instant Motion. In the future, any party moving to compel must include their sanctions request in their moving papers, i.e., in their joint stipulation. The burden is on the opposing party to establish that his or her conduct was substantially justified and/or to challenge the reasonableness of fees or hourly rate. Unless the information is included in the moving papers, the court is forced to entertain satellite litigation relating to fees and costs incurred on a particular motion.

This Order is not intended for publication.

Based on the foregoing, IT IS ORDERED THAT:

1. The hearing set for November 12, 2008, at 10:00 a.m. is hereby **vacated**.

2. Plaintiff's Motion to Compel Further Responses to Requests for Production **(Document No. 15)** is **granted and denied in part**.

3. Defendants shall respond, under oath, to the above-referenced document requests (and, if appropriate, provide supplemental written responses) no later than **November 24, 2008**. To the extent defendants claim that all responsive information has been provided in response to any discovery request, defendants shall set forth in detail, under oath: (i) the efforts they made to obtain the requested information; and (ii) indicate whether or that no further responsive information exists or is available.

/ / /

/ / /

/ / /

/ / /

1  4. This Order constitutes a Protective Order for the information ordered produced in
2  the discovery requests set forth above.[4] Other than the parties (with the exception of plaintiff),
3  their attorneys and staff, and the court, the above-referenced information may not be disclosed
4  to any other person or entity. If this case proceeds to trial, the parties must seek an order from
5  the district judge assigned to the case that the above-referenced information may remain private.
6  The above-referenced information shall become public and will be presumptively available to all
7  members of the public, including the press, unless good cause is shown to the district judge in
8  advance of the trial to proceed otherwise.
9  Dated this 10th day of November, 2008.

/s/
Fernando M. Olguin
United States Magistrate Judge

---

[4] The parties are free to draft and submit, for the court's review and approval, a more comprehensive protective order that addresses their unique concerns. The purpose of the instant protective order is to avoid delaying the case on the ground that no protective order is in place.

**11/10/08 Richwine Order**  **EXHIBIT C**

-13-