1  **ROBERT MANN**, CSB 48293
2  **DONALD W. COOK**, CSB 116666
   ATTORNEYS AT LAW
3  3435 Wilshire Blvd., Suite 2900
   Los Angeles, CA  90010
4  (213) 252-9444; (213) 252-0091 facsimile
   manncook@earthlink.net
5  Attorneys for Plaintiff

6

7

8                **UNITED STATES DISTRICT COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10

11

12  JULIO ALVARADO, an individual,          Case No. CV06-7812 PA (RCx)
                                            (Assigned to the Hon. Percy
13             Plaintiff,                   Anderson)

14       vs.                               **PROTECTIVE ORDER
                                           REGARDING DISCLOSURE
15                                         OF GAVINO INFORMATION**

16  WILLIAM J. BRATTON; LEE BACA;          DISCOVERY MATTER
    WILLIAM STONICH, Assistant Sheriff;
17  LARRY W. WALDIE; DOYLE R.
    CAMPBELL, Assistant Sheriff; PAUL K.
18  TANAKA, Assistant Sheriff; CHARLES
    JACKSON, Division Chief; MARC L.
19  KLUGMAN, Division Chief individually
    and in their official capacities; CITY OF
20  LOS ANGELES; CITY OF LOS
    ANGELES POLICE DEPARTMENT;
21  COUNTY OF LOS ANGELES; LOS
    ANGELES COUNTY SHERIFF'S
22  DEPARTMENT

23             Defendants.

24

25       Pursuant to the stipulation executed by Plaintiff and Defendants, **CITY OF LOS**

26  **ANGELES and the LOS ANGELES POLICE DEPARTMENT**, (City Defendants) the

27  Court issues the following protective order:

28

                               -1-                          00049875.WPD

1

**A.    ITEMS COVERED BY THIS PROTECTIVE ORDER**

2

1.  The protective order applies only to the following:

3

    a.  The LAPD 8/24/03 arrest report regarding Antonio Gavino, booking

4

#7814104;

5

    b.   The LAPD booking photograph of Antonio Gavino arising from

6

aforementioned 8/24/03 arrest.

7

2. Should any party wish to stamp any of the above records as "CONFIDENTIAL"

8

that party may not stamp the records in such a way as to cover any written portion of the

9

records. The documents must remain completely legible.

10

**B.  USE OF RECORDS**

11

1.  Absent further order of the Court, the items covered by this protective order for

12

this case only, including any appeals, and not for any other purpose whatsoever.

13

2.  Items covered by this protective order, including any related copies, summaries,

14

extracts, notes, photographs, memos, audiotapes and transcripts, shall not be disclosed,

15

except to the following persons:

16

    a.    The attorneys of record, including legal assistants, paralegals,

17

investigators and clerical employees working under counsel's supervision,

18

as well as outside copying, graphic, computer services, and court reporters

19

performing services in connection with this action;

20

    b.  Experts, consultants, investigators and their employees, retained and/or

21

consulted by the attorneys of record to assist in the preparation of this action;

22

    c.  The parties, including their officers, agents and employees who are

23

directly assisting counsel with the conduct or resolution of this action;

24

EXCEPT that the items may not be shown to, nor may copies be provided to,

25

the Plaintiff Julio Alvarado unless permitted by the Court.

26

    d.  Witnesses while being examined by counsel at a deposition or trial.

27

28

00049875.WPD

1   However, if the item is attached as an exhibit to a deposition transcript, the

2   copy attached as an exhibit shall be redacted to omit names, birth dates,

3   social security numbers, and addresses.

4   3.  Before any disclosure of the items covered by this protective order, they will

5   inform any person identified in Paragraph 2 above, of the terms of the protective order.

6   4.  If any party wishes to disclose items covered by this protective order to any

7   person other than those listed in Paragraph 2, above, that party shall give written notice

8   to the non-disclosing party so that the non-disclosing party can make a motion to prevent

9   the disclosure.  The party wishing to disclose the information will not to do so unless and

10   until agreement with the other party is reached, or the other party's motion is ruled on by

11   the court.  If however, the other party does not file its motion within two weeks of the

12   notice, the party wishing to disclose the information may deem the issue to have been

13   abandoned.

14

15   5.  Upon final determination of this action, whether by judgment, settlement or

16   otherwise, including all appeals, and upon the producing party's request, Plaintiff shall

17   return those items, along with all copies, to the producing party. Any messenger or

18   postage fees shall be paid by the requesting party. In the alternative, the producing party

19   may request the items be destroyed.

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

00049875.WPD

1  **C. OTHER**

2      1. The execution of this protective order shall not preclude any party from moving

3  the court for other or further protective orders during this action.

4      2. This protective order is subject to amendment and modification by further

5  stipulation among counsel and/or by order of the Court.

6  *IT IS SO ORDERED:*

7

8  DATED: October 16, 2009

9

10          ____/s/ Rosalyn M. Chapman_____
    **ROSALYN M. CHAPMAN**

11      United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00049875.WPD