**ROBERT MANN**, CSB 48293
**DONALD W. COOK**, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
Los Angeles, CA  90010
(213) 252-9444
(213) 252 0091 facsimile
Email: manncook@earthlink.net

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO ALVARADO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>WILLIAM BRATTON, et al.,<br><br>Defendants. | Case No. CV06-7812 PA (RCx)<br><br>[~~PROPOSED~~] **PROTECTIVE ORDER REGARDING DOCUMENTS TO BE PROVIDED BY COUNTY OF LOS ANGELES** |

Pursuant to the Stipulation executed by County of Los Angeles, Los Angeles County Sheriff's Department ("County Defendants"), and the City of Los Angeles and the Los Angeles Police Department ("City Defendants"), the Court issues the following protective order:

**A. ITEMS COVERED BY THIS PROTECTIVE ORDER**

1. The protective order applies only to the following documents to be produced by the County Defendants:

    a. A report showing the CCHRS data, including the subject's booking photograph, that would have been available as of November 5, 2005, 9:30 a.m. to a CCHRS end user for a subject whose CII number is A22955234, had such data been accessible

to a CCHRS end user at that time;

b. A report showing the CCHRS data, including the subject's booking photograph, that would have been available as of November 5, 2005, 9:30 a.m. to a CCHRS end user for a subject whose CII number is A11110464, had such data been accessible to a CCHRS end user at that time.

2. Should any party wish to stamp any of the above records as "CONFIDENTIAL" that party may not stamp the records in such a way as to cover any written portion of the records. The documents must remain completely legible.

**B. USE OF RECORDS**

1. Absent further order of the Court, the items covered by this protective order are for this case only, including any appeals, and not for any other purpose whatsoever.

2. Items covered by this protective order, including any related copies, summaries, extracts, notes, photographs, memos, audiotapes and transcripts, shall not be disclosed, except to the following persons:

a. The attorneys of record, including legal assistants, paralegals, investigators and clerical employees working under counsel's supervision, as well as outside copying, graphic, computer services, and court reporters performing services in connection with this action;

b. Experts, consultants, investigators and their employees, retained and/or consulted by the attorneys of record to assist in the preparation of this action;

c. The parties, including their officers, agents and employees who are directly assisting counsel with the conduct or resolution of this action;

d. Witnesses while being examined by counsel at a deposition or trial. However, if the item is attached as an exhibit to a deposition transcript, the

1     copy attached as an exhibit shall be redacted to omit names, birth dates,

2     social security numbers, and addresses; and

3     e. The Court and its personnel.

4 3. Before any disclosure of the items covered by this protective order, they will inform any

5 person identified in Paragraph 2 above, of the terms of the protective order.

6 4. If any party wishes to disclose items covered by this protective order to any person

7 other than those listed in Paragraph 2, above, that party shall give written notice to the

8 non-disclosing party so that the non-disclosing party can make a motion to prevent the

9 disclosure. The party wishing to disclose the information will not to do so unless and until

10 agreement with the other party is reached, or the other party's motion is ruled on by the

11 court. If however, the other party does not file its motion within two weeks of the notice,

12 the party wishing to disclose the information may deem the issue to have been abandoned.

13 5. Upon final determination of this action, whether by judgment, settlement or otherwise,

14 including all appeals, and upon the producing party's request, Plaintiff shall return those

15 items, along with all copies, to the producing party. Any messenger or postage fees shall

16 be paid by the requesting party. In the alternative, the producing party may request the

17 items be destroyed.

18

19 **C. OTHER**

20 1. The execution of this protective order shall not preclude any party from moving the

21 court for other or further protective orders during this action.

22 2. This protective order is subject to amendment and modification by further stipulation

23 among counsel and/or by order of the Court.

24

25 ***IT IS SO ORDERED***

26

27 DATED: _October 26, 2009___                  /S/ ROSALYN M. CHAPMAN_
                                                                    ROSALYN M. CHAPMAN
28                                                                       United States Magistrate Judge